■ In the Matter of DANIEL SHAPIRO, Respondent, v WILLIAM EIMICKE, as Commissioner of the New York State Division of Housing and Community Renewal, et al., Respondents, and 23 REALTY ASSOCIATES, Appellant.—Appeal from an order, Supreme Court, New York County (Elliott Wilk, J.), entered March 10, 1988, which ordered respondent 23 Realty Associates to restore telephone switchboard service to the George Washington Hotel, stayed it from destroying the switchboard, and stayed it from disrupting said switchboard service once restored, held in abeyance pending the final determination of the underlying administrative proceeding remitted to the New York State Division of Housing and Community Renewal (DHCR) by order of the Supreme Court entered June 24, 1988. The stay of the order appealed from previously issued by this court (Apr. 19, 1988) shall continue, on the same terms and conditions, pending the final administrative determination.

Petitioner Shapiro is the rent-stabilized tenant of an apartment at the George Washington Hotel owned by respondent 23 Realty Associates. In 1986, 23 Realty Associates filed an administrative proceeding with the DHCR requesting permission, pursuant to Rent Stabilization Code (9 NYCRR) § 2522.4 (e), to modify services by discontinuing telephone switchboard service and providing instead private telephones and telephone answering machines to the individual tenants. The District Rent Administrator granted the application on July 13, 1987, following which petitioner Shapiro pursued an administrative appeal before DHCR. On February 29, 1988 DHCR affirmed the District Administrator's determination allowing the owner to discontinue service and remove the switchboard, but in conjunction therewith it ordered the owner to provide specific levels of substituted telephone services.

Following DHCR's order on the appeal, the owner removed the switchboard and began to provide substitute services. In the meanwhile, Shapiro commenced this CPLR article 78 proceeding challenging the DHCR ruling and seeking to compel the owner to restore switchboard service. The IAS Justice granted an interim order on March 10, 1988, pending the

ultimate outcome of the article 78 proceeding, which directed the landlord to restore the switchboard and temporarily restrained it from interfering with such service. The instant appeal by the landlord is from that order.

From the time of the IAS order to the present, significant activity affecting the proceedings has transpired. Shortly after the IAS court's ruling, the court issued a stay of the order to restore the switchboard, on condition that the landlord scrupulously comply with the conditions imposed by DHCR. Additionally, in May 1988, DHCR made a cross motion before the IAS court in the underlying article 78 proceeding wherein it admitted certain procedural irregularities in its original administrative determination and requested that the matter be remitted to DHCR for further processing. On June 24, 1988, the IAS court granted DHCR's cross motion and remanded the entire matter back to the administrative agency.

Since the administrative agency is now reconsidering the matter of telephone services, no useful purpose would be served by an appellate ruling on the trial court's interim order before the administrative agency's new determination on that critical issue. In the present posture of this matter, judicial economy dictates that the appeal from the interim order of the IAS court be held in abeyance pending the outcome of the further administrative proceedings. We continue the stay which has been in effect since March, to preserve the status quo, pending the new determination on the merits by the administrative agency. Concur—Sandler, J. P., Sullivan, Ellerin and Wallach, JJ.