■ In the Matter of DANIEL SHAPIRO, Respondent, v WILLIAM EIMICKE, as Commissioner of the Division of Housing and Community Renewal, et al., Respondents, and 23 REALTY ASSOCIATES, Appellant.—Order, Supreme Court, New York County (Elliott Wilk, J.), entered March 10, 1988, which ordered respondent 23 Realty Associates to restore telephone switchboard service to the George Washington Hotel, stayed it from destroying the switchboard, and stayed it from disrupting switchboard service once restored, unanimously reversed, on the law, the facts and in the exercise of discretion, on condition that the landlord scrupulously comply with the order of the DHCR dated January 17, 1990 directing the provision of certain substituted services, without costs. In the event that said condition is not complied with, the petitioner may apply to the IAS court to reinstate the injunction.

We previously held this appeal in abeyance pending the outcome of further administrative proceedings by the New York State Division of Housing and Community Renewal (DHCR). (143 AD2d 556.) DHCR has now issued a detailed ruling as a result of these further proceedings.

At issue is the discontinuation of telephone switchboard services at a residential hotel and substitution with private telephone service. DHCR had initially permitted the substitution and the landlord removed the switchboard. In conjunction with the commencement of this CPLR article 78 proceeding by a tenant of the hotel, the IAS Judge issued the interim order at issue on this appeal, directing the landlord to restore the

switchboard. However, this order was stayed by this court pending this appeal, and this appeal has now been held in abeyance for over a year pending further DHCR proceedings, with the stay expressly remaining in effect—i.e., the switchboard has not been restored.

To maintain the status quo which has not prevailed for some time, the interim order of the IAS court should be reversed. To at this time direct the landlord to restore the switchboard in effect would grant petitioner the ultimate relief sought in the underlying proceeding. The matter has now been thoroughly reviewed once again by DHCR, which in its latest ruling required the landlord to provide further additional services. To the extent that the landlord provides such services and continues to provide the previously ordered substitute services, the tenants will be protected during the pendency of the underlying article 78 proceeding.

The DHCR order is by its terms without prejudice to the right of the tenants to file a complaint of the owner's failure to provide any of the services.

We also make clear that the petitioner also retains the right to seek relief and further oversight by the IAS court of the landlord's provision of the substituted services during the pendency of the underlying article 78 proceeding, and repeat the admonition of the DHCR that substantiation of any complaint of failure to provide the ordered services could result in a revocation of the DHCR order. In the meantime, the ultimate merits of the article 78 petition should be promptly explored and determined by the IAS court. Concur—Sullivan, J. P., Carro, Ellerin and Wallach, JJ.